IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 2:05-00242

SHEILA DENISE WALKER


MEMORANDUM OPINION AND ORDER


        Pending is defendant's motion to modify sentence, filed
on September 18, 2008, pursuant to 18 U.S.C. § 3582(c)(2).   The
motion to modify sentence is based upon the November 1, 2007,
amendment to U.S.S.G. § 2D1.1, which the United States Sentencing
Commission made retroactive effective March 3, 2008.

        Section 1B1.10(b) controls a defendant's eligibility for
a reduction in sentence based upon a post-disposition guideline
amendment.  Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction
> in the defendant's term of imprisonment under 18 U.S.C.
> § 3582(c)(2) and this policy statement is warranted, the
> court shall determine the amended guideline range that
> would have been applicable to the defendant if the
> amendment(s) to the guidelines listed in subsection (c)
> had been in effect at the time the defendant was
> sentenced. In making such determination, the court shall
> substitute only the amendments listed in subsection (c)
> for the corresponding guideline provisions that were
> applied when the defendant was sentenced and shall leave
> all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,

applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.

§ 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range. . . .
[A] reduction in the defendant's term of imprisonment is not
authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with
this policy statement if: (i) none of the amendments listed in
subsection (c) is applicable to the defendant . . . .").

The presentence report ("PSR") reflects that cocaine
base was neither the subject of the offense of conviction nor
included in calculating defendant's relevant conduct.  The
retroactive amendments are limited to cocaine base.  See U.S.S.G.
amend. 706, 711 (Nov. 1, 2007); United States Sentencing
Commission, Amendments to the Sentencing Guidlines 70-85 (May 1,
2007) (stating "the problems associated with the 100-to-1 [cocaine
base to cocaine powder] drug quantity ratio are so urgent and
compelling that this amendment is promulgated as an interim
measure to alleviate some of those problems.").

Inasmuch as cocaine base played no role in defendant's
incarceration, she may not rely upon the retroactive amendment for
modification of her sentence.  See 18 U.S.C. § 3582(c)(2) ("The
court may not modify a term of imprisonment once it has been
imposed except that . . . in the case of a defendant who has been
sentenced to a term of imprisonment based on a sentencing range
that has subsequently been lowered by the Sentencing Commission

2

pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment . . . <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.").  The defendant's motion is accordingly denied.

        The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

                        ENTER:  November 3, 2009


                        John T. Copenhaver, Jr.
                        United States District Judge

3