```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                          CRIMINAL ACTION NO. 2:05-00242

**SHEILA DENISE WALKER**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On November 16, 2017, the United States of America appeared by Meredith George Thomas, Assistant United States Attorney, and the defendant, Sheila Denise Walker, appeared in person and by her counsel, Michael D. Payne, for a hearing on the petition on supervised release submitted by United States Probation Officer Clarence Nicely.  The defendant commenced an eight-year term of supervised release in this action on May 14, 2012, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 18, 2006.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by her on May 9, 2015; June 29 and August 3, 2016; January 23, February 16, June 7 and 14, September 6 and October 4, 2017, for methamphetamine; and positive urine specimens submitted by her on September 12 and October 4, 2017, for amphetamine; and (2) the defendant failed to participate in and successfully complete the 28 to 90 day inpatient treatment program at Pinecrest in Hungtinton, West Virginia, as directed by the probation officer on June 13, 2017, inasmuch as she began treatment on June 20, 2017, and left the program against the probation officer's direction and the direction of Presetera staff on July 5, 2017; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not

revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THREE (3) MONTHS, to be followed by a term of five (5) years of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that she participate in and successfully complete a 9-12 month residential drug treatment program such as the Recovery Point Program or, if that program is not available, a similar program to be determined by the court.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 21, 2017

John T. Copenhaver, Jr.
United States District Judge